■ MICHAEL RIZZO, an Infant, by LENA RIZZO, His Guardian ad Litem, et al., Appellants, v. JENN CAB CORP. et al., Respondents.— Order entered June 3, 1965, setting aside the jury's verdict in favor of plaintiffs and against defendants and dismissing the cause of action as against the plaintiff Osheroff, and order a new trial as to the plaintiffs Michael and Lena Rizzo, unanimously reversed, on the law and the facts, with $50 costs and disbursements to the appellants, and the verdict of the jury is reinstated. In this action in negligence, it cannot be said that the verdict of the jury was against the weight of the credible evidence. Indeed, the determination by the jury rested in part upon questions of credibility which were solely within the province of the jury. Accordingly, it was error for the trial court to set aside the verdict of the jury and the verdict for the plaintiffs should be reinstated. In any event, the order of the court would have to be reversed, for it was based upon an inconsistent decision. The court stated that there was a complete failure to show any actionable negligence on the part of the defendant. If that finding were correct then the case of the plaintiffs Rizzo should have been dismissed, as the court did with respect to the case of the plaintiff Osheroff. There is no justification in ordering a new trial in the one case, and dismissing the other. Settle order

on notice. Judgment dismissing the complaint of the plaintiff, Israel Osheroff, unanimously reversed, on the law, and the judgment dismissing the complaint is vacated, without costs or disbursements. See memorandum in [above] appeal. Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.